# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-01628 (UNA) |
| v. ) | |
| ) | |
| DAVID PASSINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Currently before the Court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the Court will grant plaintiff's IFP application and dismiss the complaint without prejudice.

Plaintiff, a resident of Georgia, sues four individuals and two entities, though he fails to provide any contact information for the defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1). Although having filed a civil case, plaintiff has submitted a complaint for "criminal copyright infringement." More, the complaint is incomprehensible, containing a hodgepodge of vague and unconnected sentence fragments, in contravention of Federal Rule 10(b). It consists of unintelligible *non-sequiturs* and fails to identify any basis for this Court's subject matter jurisdiction. No discernable facts, context, or legal authority are provided.

For example, plaintiff contends that "this case has already been litigated," yet still demands that this Court renew a lease and order Bank of America—which is not a party to this case—to pay plaintiff $332,000. He then broadly accuses courts in Georgia and Pennsylvania of "insider threat development and white supremacy," and discusses an event where he sustained injuries to his head and neck. The remainder of the complaint is comprised of an indecipherable list of random words.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When, as here, a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the Court nor the defendants can reasonably be expected to identify plaintiff's claims, if any.

For this reason, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 12, 2023

TREVOR N. McFADDEN
United States District Judge